1
2
3
4          UNITED STATES DISTRICT COURT
5          EASTERN DISTRICT OF WASHINGTON
6
7   PATRICK MELANSON,                        No.  CV-12-520-JTR
8            Plaintiff,
                                             ORDER GRANTING
9          v.                                DEFENDANT'S MOTION  FOR
                                             SUMMARY JUDGMENT AND
10                                           DENYING PLAINTIFF'S MOTION
11  CAROLYN W. COLVIN,                       FOR SUMMARY JUDGMENT
    Commissioner of Social Security,[1]
12
13          Defendant.
14

15      **BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF

16  Nos.  16, 17.   Attorney Dana Madsen represents Plaintiff; Special Assistant United

17  States Attorney Daphne Banay represents the Commissioner of Social Security

18  (Defendant).  The parties have consented to proceed before a magistrate judge.

19  ECF No. 15.  After reviewing the administrative record and the briefs filed by the

20  parties, the court **GRANTS** Defendant's Motion for Summary Judgment and

21  **DENIES** Plaintiff's Motion for Summary Judgment.

22                        **JURISDICTION**

23      On October 12, 2007, Plaintiff filed a Title II application for a period of

24  _____

25      [1]As of February 14, 2013, Carolyn W. Colvin succeeded Michael J. Astrue

26  as Acting Commissioner of Social Security.  Pursuant to Fed.R.Civ.P. 25(d),

27  Commissioner Carolyn W. Colvin is substituted as the Defendant, and this lawsuit

28  proceeds without further action by the parties.  42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

disability and disability insurance benefits, along with a Title XVI application for supplemental security income, both alleging disability beginning July 1, 2004.  Tr. 25; 281.  Plaintiff reported that he could not work due to bipolar disorder, depression, personality disorder, Barrett's Esophagus, Hepatitis C, kidney stones, liver issues, and "right flank rib and foot issues."  Tr. 288.  Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ).  Tr. 25; 87-130.  A hearing was held on March 24, 2010, at which vocational expert K. Diane Kramer, and Plaintiff, who was represented by counsel, testified.  Tr. 1276-1310.  ALJ Michael D. Cheek presided.  Tr. 1276.  The ALJ denied benefits on April 27, 2010.  Tr. 25-38.  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties and, thus, they are only briefly summarized here.  At the time of the hearing, Plaintiff was 46 years old, divorced, and a high-school graduate.  Tr. 1279.  He had worked as a carpenter, tool machine operator, stage hand, grip and laborer.  Tr. 1280-81.

Plaintiff testified that he stopped working in 2005 because he was "just getting worn out.  I have a hard time maintaining consistent work.  I was only working three or four days a week."  Tr. 1281.  Plaintiff said he tried to start working again, but he only lasted a couple of weeks.  Tr. 1281.

Plaintiff said he has chronic kidney stones that flare up and cause serious pain a couple times per year, and it takes him a day or two to pass the stones.  Tr. 1282.  He also said he fell out of a window in 1987[2] and crushed his calcaneous, or heel bone, and he worked for many years after that date, but the pain has

_____

[2]The record does not reveal an actual date of the injury.  The court relies upon Plaintiff's assertion that the injury occurred in the year 1987.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

progressively worsened over the years.  Tr. 1283.  Plaintiff testified that his right leg hurts if he does "a lot of weight bearing."  Tr. 1283.  Plaintiff also testified that he has tendonitis in both elbows and both shoulders.  Tr. 1284.

Plaintiff said his Hepatitis C causes him to experience fatigue and pain under his ribcage.  Tr. 1285.  He takes two or three naps per day, after sleeping for twelve hours at night.  Tr. 1286.  Plaintiff testified that he has frequent headaches in the winter, and heartburn that is relieved by medication.  Tr. 1288.  Plaintiff said he cannot go back to work because his body will not hold up to 40 hours per week. Tr. 1299-1300.

Plaintiff testified that he experiences mania on a varying schedule, "once every couple of weeks, to a couple of months."  Tr. 1289.  Plaintiff said when he is in a depressive phase, he wants to "sleep and hide from the world.  I feel like I'm full of fear."  Tr. 1289.  He also said he has anxiety and does not go out in public often.  Tr. 1290.

Plaintiff's daily activities include attending meetings, resting, reading and watching television.  Tr. 1291.  He performs housework a little at a time.  Tr. 1291-92.  He said he can do yard work for a couple hours at a time.  Tr. 1303.

Plaintiff admitted he had problems with drugs and alcohol in the past, but he asserts he has been in recovery "for some time now."  Tr. 1290.  Plaintiff said he began recovery in 1993.  Tr. 1291.  He clarified that he has been clean since the summer of 2008, and had a relapse "one weekend" in July 2009, that he attributes to the stress of his divorce.  Tr. 1291.  Plaintiff said he attends 12-step meetings five to six times per week.  Tr. 1300.

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed de novo. *Harman v. Apfel*, 211 F.3d 1172, 1174

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

(9th Cir. 2000).  The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales, 402 U.S. 389, 401 (1971).*  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.  *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.  *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process

for determining whether a person is disabled.  20 C.F.R. §§404.1520(a),
416.920(a); see *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one
through four, the burden of proof rests upon the claimant to establish a prima facie
case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-99.  This
burden is met once a claimant establishes that a physical or mental impairment
prevents him from engaging in his previous occupation.  20 C.F.R. §§
404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do his past relevant work, the
ALJ proceeds to step five, and the burden shifts to the Commissioner to show that
(1) the claimant can make an adjustment to other work; and (2) specific jobs exist
in the national economy which claimant can perform.  *Batson v. Commissioner of
Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004).  If a claimant cannot make an
adjustment to other work in the national economy, the claimant is deemed
disabled. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has
not engaged in substantial gainful activity since July 1, 2004, his alleged onset
date.  Tr. 27.  At step two, the ALJ found Plaintiff suffered from the severe
impairments of affective disorder, personality disorder, Hepatitis C, right shoulder
injury, left shoulder tendonitis, right ankle pain secondary to an injury, TMJ, a
head injury, gastroesophageal reflux disease, Barrett's esophagus, kidney stones,
renal disorder and substance addiction disorder.  Tr. 27.  At step three, the ALJ
found Plaintiff's impairments, alone and in combination, did not meet or medically
equal one of the listed impairments.  Tr. 28.  The ALJ determined that Plaintiff had
the residual functional capacity ("RFC") to perform a full range of light work as
defined in 20 C.F.R. 404.1567(b) and 416.967(b), and he can:  "Occasionally
climb, stoop, crouch, crawl, kneel and balance, frequently reach with the left arm,
including overhead; avoid concentrated exposure to hazards, including machinery
or heights; perform simple jobs, no complex tasks or dealing with the public or co-

workers ….”  Tr. 29.  At step four, the ALJ found that Plaintiff is unable to perform any past relevant work.  Tr. 36.  At step five, the ALJ concluded that considering Plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that Plaintiff can perform, such as final assembler, escort vehicle driver, and surveillance systems monitor.  Tr. 37.  The ALJ concluded Plaintiff was not disabled as defined by the Social Security Act.  Tr. 38.

## ISSUES

Plaintiff contends the ALJ erred by improperly weighing the medical evidence from Heidi Bassler, M.D. , and from Mahlon Dalley, Ph.D.  ECF No. 16 at 14.

## DISCUSSION

**A.**   **Heidi Bassler, M.D.**

Plaintiff contends that the ALJ improperly rejected Dr. Bassler's opinion indicating Plaintiff was severely limited due to his right foot and ankle condition and Hepatitis C.  ECF No. 16 at 15.

On May 15, 2008, Holly Bassler, M.D., completed a Physical Evaluation form in which she diagnosed Plaintiff with Hepatitis C and right “ankle deteriorating.”[3]  Tr. 1031-33.  Dr. Bassler assessed that Plaintiff's Hepatitis C would pose somewhere between “significant” and “very significant” interference with Plaintiff's ability to perform one or more basic work related activities.  Tr. 1032.  Dr. Bassler concluded Plaintiff's work level was severely limited, which was defined by the form as “unable to lift at least two pounds or unable to stand and/or walk.”  Tr. 1032.

---

[3]The court assumes, in the absence of clarification to the contrary, all references to Plaintiff's right “ankle” condition refers to the damage from the 1987 injury to Plaintiff's calcaneus.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

The record contains a corresponding chart note from Dr. Bassler from the same date. Tr. 1035-36. In that note, Dr. Bassler opined that Plaintiff's Hepatitis C was a moderate impairment but during treatment, the impairment would become more significant:

> "[Patient with a] moderate impairment …. Once under treatment would increase disability rating to marked and [Plaintiff] would be severely limited in work ability but [with] possibility of resolution of disability after up to 1 year of treatment."

Tr. 1035. Regarding Plaintiff's right foot and ankle impairment, the doctor noted Plaintiff's 20-year history of ankle pain and limited mobility, and concluded the condition "would rate as moderate impairment and would limit [Plaintiff] to light work." Tr. 1035.

The ALJ gave some weight to the opinion of Dr. Bassler "to the extent that it is consistent with the evidence of record." Tr. 35. The ALJ clarified that he gave little weight to the portion of Dr. Bassler's opinion that Plaintiff would be severely limited and unable to lift at least two pounds or stand/walk due to his right foot injury. Tr. 35. The ALJ explained the doctor's opinion was contradicted by the evidence:

> Claimant himself acknowledged the ability to walk one mile and engaged in substantial gainful work activity for at least fifteen years, after his right calcaneous fracture, up to and including 2004. Claimant's occupations included exertional levels ranging from medium to heavy. There is no evidence of any impairment, musculoskeletal or otherwise, other than mild degenerative changes that would limit claimant to such an extent.

Tr. 35.

As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where the treating doctor's opinion is

contradicted by another doctor, the ALJ may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). An ALJ may discredit physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings. *Batson*, 359 F.3d at 1195.

An ALJ may reject a medical opinion when the opinion is contradicted by Plaintiff's daily activities. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (treating physician's opinion may be discounted if inconsistent with a claimant's level of functioning). A Plaintiff's previous ability to work with an impairment may be considered in determining whether the impairment is disabling. *See Gregory v. Bowen*, 844 F.2d 664, 666-67 (9th Cir. 1988); *Ray v. Bowen,* 813 F.2d 914, 917 (9th Cir. 1987). However, the ALJ may not rely upon this factor if substantial evidence exists that the Plaintiff's condition has deteriorated. *Tylitzki v. Shalala*, 999 F.2d 1411, 1414 (9th Cir. 1993).

In this case, the evidence establishes that Plaintiff worked for several years after the 1987 injury to his right foot and ankle. Tr. 289; 1305-06. As the ALJ noted, Plaintiff testified he can walk a mile, and after a mile, he feels tired and his joints and knees hurt. Tr. 1287. He also testified that after an hour of standing, his right leg hurts. Tr. 1287.

Significantly, Plaintiff failed to provide or identify objective medical evidence that his foot and ankle condition has deteriorated in the years since he was able to work. Additionally, Dr. Bassler's chart notes contradict the opinion that Plaintiff was severely limited, and instead indicate that Plaintiff's foot and ankle condition was a "moderate impairment" that would limit Plaintiff to "light work." Tr. 1035. Because Dr. Bassler's chart notes contradict the evaluation, and because Plaintiff failed to provide evidence establishing that his right foot and ankle condition has deteriorated over time, the ALJ properly discounted Dr. Bassler's opinion that Plaintiff's ability to work is severely limited.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

**B.    Mahlon Dalley, Ph.D.**

Plaintiff argues that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for rejecting the three psychological evaluations signed by Mahlon Dalley, Ph.D.  ECF No. 16 at 16-19.  The record contains three separate evaluations dated July 17, 2007, April 30, 2008, and August 27, 2009.  Tr. 563-71; 1001-09; 1212-20.

The ALJ gave "some weight" to the opinions of Dr. Dalley that are supported by and consistent with the record.  Tr. 35.   The ALJ concluded that Dr. Dalley's reports contain "internal inconsistencies and concerns," and provided the example of Plaintiff's general denial of substance abuse, contrasted with his admissions to recent drug use.  Tr. 35-36.  The ALJ noted that Dr. Dalley warned if Plaintiff was using drugs and alcohol, the diagnosis of bipolar disorder would be inappropriate.  Tr. 36.  The ALJ also cited that the 2008 exam was performed by a candidate for an M.S. degree, and not Dr. Dalley, who was only the releasing authority.  Tr. 36.

**1.    Inconsistencies**

A medical opinion may be rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported.  *Bray v. Comm'r Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  Relevant factors in evaluating a medical opinion are the amount of evidence supporting the opinion and the quality of the explanation provided in the opinion.  *Lingenfelter v. Astrue,* 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue,* 495 F.3d 625, 631 (9th Cir. 2007).

Each of the evaluations indicate that the diagnoses related to Plaintiff's mood symptoms are dependent upon Plaintiff's claimed abstinence from illicit substances:  "At this time, since he denies abusing substances for several months, it is not believed that his mood symptoms are related to his substance dependence diagnosis."  Tr. 567; *see also* Tr. 1009; 1219.  Additionally, each evaluation

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

recommends that if Plaintiff has actually been abusing substances, the diagnosis of bipolar disorder should be removed.  Tr. 567; 1009; 1219.

In each evaluation, Plaintiff denied substance abuse, but he later admitted he had been using.  For example, at Plaintiff's July 17, 2007, assessment, he asserted the last time he used narcotics was two days prior to the evaluation, and it was not clear if this was prescribed use, or substance abuse.  Tr. 564.  He also told the examiner that the last time he had used pills, methamphetamine or alcohol was November 2006.  Tr. 564.  At the next evaluation on April 28, 2008, Plaintiff said he was not abusing substances, and the last time he had done so was late September through early October 2007.  Tr. 1006.  At the third evaluation on August 11, 2008, Plaintiff said he was not using substances, and the last time he had was about a month and a half prior, or in June 2008.  Tr. 1218.

The record reveals that while Plaintiff continually asserted his sobriety, he was also continuing to abuse substances.  As Dr. Dalley's reports acknowledged, the respective evaluations of Plaintiff's mood disorder were not reliable because Plaintiff was continually abusing substances.  The ALJ's use of this reason for discounting Dr. Dalley's opinion was specific and legitimate and supported by the record.

### 2.    M.S. Candidate

The second reason the ALJ provided for giving little weight to Dr. Dalley's evaluations was that the April 28, 2008, evaluation was conducted by Dawn Wilcox, who had not yet earned an M.S. degree.  Tr. 36.  In a disability proceeding, the ALJ must consider the opinions of acceptable medical sources. 20 C.F.R. §§ 404.1527(d), 416.927(d); S.S.R. 96-2p; S.S.R. 96-6p.  Acceptable medical sources include licensed physicians and psychologists.  20 C.F.R. §§ 404.1513(a), 416.913(a).  In addition to evidence from acceptable medical sources, the ALJ may also use evidence from "other sources" including nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

medical sources.  20 C.F.R. §§ 404.1513(d), 416.913(d).  In evaluating the evidence, the ALJ should give more weight to the opinion of an acceptable medical source than that of an "other source."  20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996).  However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work."  *Sprague*, 812 F.2d at 1232.  An ALJ must give reasons germane to "other source" testimony before discounting it.  *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993).

In this case, the April 2008, report was signed by both Dawn Wilcox, B.A., M.S. Candidate and Brook Sjostrom, M.S., LMHC.  Tr. 1009.  Additionally, Dr. Dalley provided his signature under a clause stating: "I hereby adopt as my own the accuracy, objectivity, validity, findings and conclusions of the above report and accept accountability for the contents."  Tr. 1009.   It is not clear if Ms. Wilcox examined Plaintiff on her own, or if Ms. Sjostrom participated in the examination while supervising Ms. Wilcox.  It is reasonable to conclude that Ms. Sjostrom, by affixing her signature to the report, had significant involvement in the observations and conclusions contained in the report.  Moreover, Dr. Dalley specifically adopted the report, including the accuracy, objectivity, validity, findings and conclusions, and he also accepted accountability for the contents.  Tr. 1009.  In light of Dr. Dalley's adoption of the conclusions of the report and the participation of Ms. Sjostrom, this report should be deemed the opinion of an examining psychologist.  The ALJ's reason for discounting the report on this basis was not legally sufficient.  However, because the other reasons the ALJ relied upon in discounting Dr. Dalley's reports were valid and supported by substantial evidence, inclusion of this reason does not affect the validity of the ALJ's conclusion that Plaintiff was not disabled.  See *Batson*, 359 F.3d at 1197 (error harmless where error does not "negate the validity of the ALJ's ultimate conclusion").   As such, the ALJ's weighing of the medical evidence was not erroneous.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly,

**IT IS ORDERED**:

1.  Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2.  Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to file this Order, provide copies to the parties, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED December 23, 2013.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12